CROSS, Judge
(dissenting) :
I respectfully dissent.
The majority has retried, reweighed and revaluated the probative weight of the evidence. Such is not the function of an appellate court. The scope of review by an appellate court, when a final judgment on appeal has been attacked on the basis of the evidence being insufficient, is not to revaluate the probative weight of the evidence but to look to the record to see if there is substantial, competent evidence, whether contradicted or not, that will support the judgment. The conclusions of a trial judge as to matters of fact come before an appellate court clothed with the presumption of correctness, and in testing the accuracy of such conclusions the appellate court should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in the light most favorable to sustain those conclusions.
In the instant case, appellant-architects agreed to render architectural services to the appellees. Preliminary drawings, sketches, plans and specifications for the appellees’ project were prepared. The plans were put out for bid. The lowest bid returned was $414,000, a figure grossly in excess of what the appellees expected to pay for the project. The project was abandoned. A total of $15,000 in architect’s fees was paid by the appellees to the architects.
The contract provided, inter alia, that if ■the project was fully completed the architects would be entitled as fee to eight per cent of the construction cost of the project. If the project was abandoned after all drawings, sketches, plans and designs were completed and after bids were obtained from various construction companies, the architects would be entitled under the contract to eighty per cent of their fee or 6.-4 of the construction cost. In case of abandonment as described above, the construction cost to be used in the computation of the architect’s fee was to be the lowest bona fide bid received from a qualified bidder.
Article 3 of the contract provided that the parties could establish a fixed limit of construction cost for the project as a condition of the contract. If the parties agreed to a fixed limit of construction cost, the architect’s fee could not exceed eight per cent of such fixed limit.
The issue in the instant case was whether the parties had established as a condi *373 tion of the contract a fixed limit of construction cost for the project. This was a factual issue to be determined from the evidence by the trial judge. The trial court found that a $250,000 fixed limit of construction cost had been agreed upon by the parties. Under the terms of the contract, this limit would entitle the architects to a fee of $20,000 if the project was completed. Since no construction work was initiated on the project, the architects were only entitled to eighty per cent of their fee, or $16,000. This amount had already been paid by the appellees to the architects. Therefore, the trial court entered judgment dismissing the suit.
There appears from the record substantial, competent evidence to support the trial court’s finding of fact that the parties did establish a $250,000 fixed limit of construction cost as a condition of the contract. Appellee-Spero testified to such limit and this testimony was never rebutted by the appellants. Such parol evidence was competent to prove the existence of a condition agreed to after the contract was formulated. The condition was clearly not an amendment, which under the contract had to be in writing. Also, various actions by the appellants indicated that they felt bound by the $250,000 limitation. The appellants accepted without question two checks totalling $16,000, the second check on which the legend "Paid in Full to date of abeyance” was shown. Further, when the lowest bid submitted significantly exceeded the amount the appellees wanted to pay for the project, the appellants offered to modify the specifications of the project to bring the construction cost down. This procedure was required of the appellants under the contract only if the parties established a fixed limitation of construction cost.
I.would affirm the final judgment dismissing the cause as the findings of fact made by the trial judge are not clearly erroneous but are consistent with the testimony.